T.C. Summary Opinion 2012-19

UNITED STATES TAX COURT

CARL A. OSER AND DORIS J. OSER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10680-10S.                    Filed March 1, 2012.

Carl A. Oser and Doris J. Oser, pro sese.

<u>Christopher A. Fisher</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency to petitioners in which he determined deficiencies of $34,572 and $27,038 for 2006 and 2007, respectively. After concessions,[1] the issues for decision are whether petitioners are entitled to deduct: (1) business expenses reported on Schedules C, Profit or Loss From Business; and (2) certain expenses reported on Schedules E, Supplemental Income and Loss.[2]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts as supplemented and the attached exhibits are incorporated herein by reference. Petitioners resided in Ohio when they filed their petition.

---

[1]Petitioners concede that $40,000 of the $70,068 reported as rents received on Schedule E should properly be reported as gross receipts from D. Palmer Properties, L.L.C., on Schedule C.

[2]Other adjustments made in the notice of deficiency are computational and will not be discussed.

Carl A. Oser (petitioner)[3] has been in the real estate business for more than 60 years. At the time of trial, he was a licensed real estate broker and agent in Ohio. Petitioner, however, has not sold any property as a real estate broker or agent in the past 15 years.

Petitioners and their family owned more than 50 properties in the Massillon, Ohio, area. These properties were a combination of petitioners' personal residence, rental properties, and properties held for investment.

On August 17, 2006, petitioners transferred ownership of 10 parcels of property to their grandson, Andrew Oser. No gift tax returns were filed for the transfers, and the transfers were not reported as taxable transfers for 2006.

In 2006 petitioner owned a 40% interest in D. Palmer Properties, L.L.C. (D. Palmer).[4] D. Palmer was operated out of petitioners' home and managed a shopping center in 2006. Petitioner provided management services and "hands-on work" to D. Palmer in 2006.

Petitioners filed a Schedule C and a Schedule E with their 2006 joint Federal income tax return. They listed "Real Estate Sales & Commissions" as petitioner's

---

[3]Petitioner wife did not appear at trial.

[4]Dillion Palmer is one of petitioners' grandsons.

principal business on Schedule C.  Petitioners reported no income and claimed

deductions for the following expenses:

| Expense | Amount |
|---|---|
| Car and truck | $3,740 |
| Insurance | 2,825 |
| Office | 2,709 |
| Utilities[1] | 2,403 |
| Other[2] | 2,815 |

[1]"Telephone and Fax" is handwritten next to the heading.
[2]"Dues & Pub." is handwritten next to the heading.

Petitioners claimed deductions on Schedule E for their rental property

expenses as if almost all of the expenses related to one property.  They claimed a

deduction for rental expenses of $118,049 for 2006.[5]  No rental property addresses

were listed on the Schedule E.

Petitioners also filed a Schedule C and a Schedule E with their 2007 joint

Federal income tax return.  They listed "Real Estate Sales" as petitioner's principal

business on the Schedule C.  Petitioners reported no income and claimed deductions

for the following expenses:

---

[5]Petitioners filed an amended return to correct the depreciation schedule for a lawnmower and to add a pickup truck to the list of depreciable property.

| Expense | Amount |
|---------|--------|
| Car and truck | $4,593 |
| Office | 3,115 |
| Utilities[1] | 1,663 |
| Other[2] | 4,297 |

[1]"Telephone & Fax" is handwritten next to the heading.
[2]"Dues & Publication" is handwritten next to the heading.

Petitioners again claimed deductions on Schedule E for their rental property expenses as if almost all of the expenses related to one property. They claimed a deduction for rental expenses of $141,391 for 2007. No rental property addresses were listed.

The expenses reported on the Schedules C were not in connection with or in support of petitioners' rental properties or properties held out for rent in 2006 or 2007.

Respondent issued petitioners a notice of deficiency for 2006 and 2007. He disallowed all of their Schedule C expense deductions for 2006 and 2007. Respondent allowed petitioners Schedule E expense deductions of $24,811 and $29,898 for 2006 and 2007, respectively.[6]

---

[6]Petitioners' 2006 Schedule E expenses are listed as $116,363 as per the return in the notice of deficiency. Petitioners claimed a deduction for rental expenses of $118,049 for 2006. There is no explanation in the record for the

(continued...)

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioners did not argue or present evidence that they satisfied the requirements of section 7491(a). Therefore, petitioners bear the burden of proof with respect to the issues in the notice of deficiency.

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Additionally, a taxpayer must substantiate all expenses. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

---

[6](...continued)
discrepancy. Petitioners' 2007 Schedule E expenses are listed as $141,165 as per the return in the notice of deficiency. Petitioners claimed a deduction for rental expenses of $141,391 for 2007. The difference is $226 of depreciation expense reported for property "B" on Schedule E.

Petitioners' Schedule C Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.

As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his or her own making. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957). Certain business expenses, however, are subject to more stringent substantiation requirements and no estimation may be made. See sec. 274(d).

Petitioner testified that the expenses reported on the Schedules C related to the work he did for D. Palmer and to other properties. He also testified that he did

not keep records for individual properties or details such as where exactly one of his trucks delivered or picked up materials. He could not delineate what percentage of the expenses was related to the work he did for D. Palmer. Petitioners provided no documentary evidence of the expenses they reported on the Schedules C. Petitioners have failed to substantiate any of the deducted Schedule C expenses and have not provided a basis upon which the Court could estimate those expenses that may be estimated. See Cohan v. Commissioner, 39 F.2d 540; Vanicek v. Commissioner, 85 T.C. at 742-743. Therefore, respondent's determination to disallow all of petitioners' Schedule C expenses for 2006 and 2007 is sustained.[7]

Petitioners' Schedule E Expenses

Section 212 allows for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year for the management, conservation, or maintenance of property held for the production of income. Petitioners deducted $118,049 and $141,391 of expenses on their Schedules E for 2006 and 2007,

---

[7]In the notice respondent stated that the reason for disallowing the Schedule C expenses was that investment costs must be capitalized. At trial respondent asserted that the expenses might be allowable as expenses for the production of income under sec. 212 on Schedule A, Itemized Deductions. Even if the expenses were allowable on Schedule A, petitioners failed to substantiate them.

respectively.  Respondent allowed $24,811 and $29,898 of the deducted expenses for 2006 and 2007, respectively.

At trial Revenue Agent Nadine Christie testified for respondent.  Respondent introduced into evidence several spreadsheets RA Christie compiled from public records and the information petitioner presented during the audit.  Petitioner gave RA Christie a stack of receipts for expenses at the audit.  She asked him to separate the expenses by property.  Petitioner responded that he did not keep records that way and that the task was impossible.

RA Christie determined that petitioners and their family owned 57 parcels of property.  Seven of the parcels were removed from the total--four parcels that made up petitioners' personal residence and three parcels that were sold in 2005.  During the audit it became clear to RA Christie that petitioners claimed deductions for expenses related to properties that they had transferred or sold to family members.  She determined that 7 of the 50 properties were actually rental properties or properties held out for rent that petitioners owned.  RA Christie then used that ratio, 7/50, to determine the rental expenses to which petitioners were entitled.[8]

_____

[8]At trial RA Christie testified that there might be a mistake in her calculations and that the ratio should be 8/50 because one of the rental properties is made up of

(continued...)

Petitioners' arguments to rebut RA Christie's evidence are that they paid the expenses for all of the properties, that the number of properties they and their family owned was inflated, that respondent made up the amounts of expenses to which they were entitled, and that none of their receipts were accepted during the audit.

Petitioners are not allowed deductions for expenses that relate to properties they, personally, did not hold for the production of income. See sec. 212(2). Therefore, petitioners are not allowed deductions for expenses related to properties they transferred or sold to family members.

Petitioners provided no evidence to buttress their arguments that respondent incorrectly calculated the number of their properties or that respondent rejected all of their receipts. In fact the record supports the opposite. Respondent allowed cleaning and maintenance, mortgage interest, repairs, and dumpster expenses on the basis of the 7/50 allocation of receipts or bills for those expenses. Respondent did not allow petitioners deductions for the receipts they could not associate with a specific property. Although petitioner testified that he provided RA Christie with

---

[8](...continued)
two parcels. Respondent conceded that 8/50 was the proper ratio. The ratio 8/50 should be used for the parties' Rule 155 computations.

receipts at the audit that were not accepted, he provided none of those receipts at trial.

The Court finds RA Christie's testimony credible and finds her approach used to determine the expenses to which petitioners are entitled reasonable.

Petitioners have failed to prove that they are entitled to more Schedule E expenses than respondent's determinations allowed. Thus, respondent's determinations are sustained.

We have considered all of petitioners' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.